IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WILLIAM HAWKINS and CARLON HAWKINS, as guardians and next friends of KHANSAS L. BUTTS and KHALIAH L. BUTTS, surviving minor children of KURTAVIOUS L. BUTTS, deceased, and ADCOVACY TRUST, LLC, as Administrator of the Estate of KURTAVIOUS L. BUTTS<br><br>Plaintiffs,<br><br>v.<br><br>DAVID STODDARD d/b/a STODDARD TRUCKING, GREAT WEST CASUALTY COMPANY, DAVID L. STODDARD, the ESTATE OF DAVID L. STODDARD, and JOHN DOES 1-4<br><br>Defendants. | CIVIL ACTION<br>FILE NO.:  4:22-CV-0163-CDL |

**DEFENDANTS' SPECIAL APPEARANCE
ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

COME NOW, Defendants DAVID STODDARD d/b/a STODDARD TRUCKING, DAVID L. STODDARD and the ESTATE OF DAVID L. STODDARD (hereinafter "Defendants"), by and through undersigned counsel, and answers Plaintiffs' Complaint by way of special appearance only as follows:

## PRELIMINARY STATEMENT

The discovery process, including depositions of parties and witnesses, has not occurred, and Defendants reserve the right to amend these responses hereto and add or delete affirmative defenses based upon facts to be determined in the discovery process.

## FIRST DEFENSE

The *Complaint* fails to set forth a claim against these Defendants upon which relief can be granted.

## SECOND DEFENSE

To the extent as may be shown by the evidence through discovery, Defendants preserve/assert the defenses of contributory/comparative negligence, assumption of the risk, failure to avoid consequences, failure to exercise ordinary care, failure to mitigate damages, estoppel, fraud, illegality, injury by fellow servant, laches, payment, release, res judicata, statute of limitations and waiver.

## THIRD DEFENSE

Defendants show that the injuries allegedly suffered by the Plaintiff was not proximately caused by Defendants.

## FOURTH DEFENSE

The accident giving rise to Plaintiff's Complaint was caused by the acts or omissions of persons or entities other than Defendants. Defendants breached no duty

owed to Plaintiff.

## FIFTH DEFENSE

Defendants preserve all defenses as to venue, as well as process and service of process. Defendants deny that venue and jurisdiction proper in the State Court of Muscogee County.

## SIXTH DEFENSE

Any application of the provisions of O.C.G.A. § 51-12-5.1 to this case, in regard to any claim for punitive damages against Defendants would be unconstitutional for the following reasons:

(1) Defendants did nothing for which they should be punished, penalized or deterred and, therefore, any recovery of punitive damages against Defendants would deprive Defendants of properly held due process of law in violation of the Fourteenth Amendment of the United States Constitution and in violation of Article I, § I, Paragraph I of the Constitution of the State of Georgia;

(2) Any recovery of punitive damages against Defendants would violate the provisions of Article I, § I, Paragraph II of the Constitution of the State of Georgia;

(3) Any recovery of punitive damages against Defendants would deprive Defendants of their right to substantive due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Georgia; and

(4)     Any recovery of punitive damages would violate the guarantee clause against "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article I, § I, Paragraph XVII of the Constitution of the State of Georgia.

Moreover, the imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in Georgia are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interests.

## SEVENTH DEFENSE

Without waiving the above-enumerated defenses, these Defendants respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

**Parties and Jurisdiction**

1.

Defendants admit Stoddard Trucking is a nonresident motor carrier. Defendants deny all remaining averments set forth in Paragraph 1 of Plaintiff's Complaint and expressly deny venue and jurisdiction.

2.

Defendants admit Great West is a Nebraska insurance company. Defendants

deny all remaining averments set forth in Paragraph 2 of Plaintiff's Complaint.

3.

Denied.

4.

Defendants deny venue and jurisdiction are proper. Defendants admit the remaining averments set forth in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants deny that venue and jurisdiction in the State Court of Muscogee County are proper. Defendants are without information sufficient to form a belief as to the truth of the remaining averments in Paragraph 5 of Plaintiff's Complaint and thus deny Paragraph 5.

6.

Denied.

7.

Denied.

8.

Admitted.

9.

Admitted.

10.

Defendants are without information sufficient to form a belief as to the truth of the averments set forth in Paragraph 10 of Plaintiff's Complaint; as such, Paragraph 10 is denied.

11.

Admitted.

12.

Defendants state that these allegations are not directed towards these Defendants and that no response is required. To the extent a response is required, Defendants deny Paragraph 12.

13.

Defendants are without information sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 of Plaintiff's Complaint; as such, Paragraph 13 is denied.

14.

Defendant states there is no Exhibit "A" attached to Plaintiff's Complaint. As such, Paragraph 14 of Plaintiff's Complaint is denied.

15.

Defendants are without information sufficient to form a belief as to the truth of the averments set forth in Paragraph 15 of Plaintiff's Complaint; as such,

Paragraph 15 is denied.

16.

Admitted.

17.

Denied.

18.

Admitted.

**Facts**

19.

Upon information and belief, Defendants admit Paragraph 19.

20.

Upon information and belief, Defendants admit Paragraph 20.

21.

Defendants admit David Stoddard was acting within the course and scope of his employment with Stoddard Trucking on the evening of September 25, 2020. Upon information and belief, Defendants admit that David Stoddard struck objects in the lane of travel in approximately the area in which the prior incident involving Ms. Oliver and Mr. Butts occurred; Defendant Stoddard's tractor contained evidence consistent with coming into contact with a human body. Subject to the above admissions, Defendants deny all remaining averments set forth in Paragraph 21.

22.

Denied as pled.

23.

Upon information and belief, Defendants admit that Ms. Oliver and Mr. Butts were pronounced deceased on or about September 25, 2020. Defendants deny all remaining averments set forth in Paragraph 23.

## Count I – Defendant John Doe 2's Negligence

24.

Defendants reincorporate and reallege their defenses and responses to the previous numbered paragraphs as if each was set forth herein in their entirety.

25.

Admitted.

26.

Admitted.

27.

Admitted.

28.

Admitted.

29.

Defendants admit the negligence of John Doe 2 proximately caused the

injuries and deaths of Ms. Oliver and Mr. Butts. All remaining averments set forth in Paragraph 29 are denied.

30.

Defendants admit the negligence of John Doe 2 proximately caused the injuries and deaths of Ms. Oliver and Mr. Butts. All remaining averments set forth in Paragraph 30 are denied.

**Count II – Defendant David Stoddard's Negligence**

31.

Defendants reincorporate and reallege their defenses and responses to the previous numbered paragraphs as if each was set forth herein in their entirety.

32.

Defendants state that Defendant Stoddard's duties and obligations are set forth by statute and the common law and no response to Paragraph 32 is necessary. To the extent a response is necessary, Defendants deny Paragraph 32.

33.

Defendants state that the Federal Motor Carrier Safety Regulations speak for themselves. Defendants deny all remaining averments set forth in Paragraph 33.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.

38.

Denied.

39.

Denied.

40.

Denied.

## Count III – Defendant Stoddard Trucking's Negligence

41.

Defendants reincorporate and reallege their defenses and responses to the previous numbered paragraphs as if each was set forth herein in their entirety.

42.

Admitted.

43.

Admitted.

44.

Denied.

45.

Denied.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Denied.

52.

Denied.

53.

Denied.

54.

Denied.

55.

Denied.

56.

Denied.

57.

Denied.

## Count IV - Damages

58.

Defendants reincorporate and reallege their defenses and responses to the previous numbered paragraphs as if each was set forth herein in their entirety.

59.

Denied.

60.

Denied.

61.

Denied.

62.

Denied.

63.

Denied.

## Count V – Attorneys' Fees and Litigation Expenses Under O.C.G.A. § 13-6-11

64.

Defendants reincorporate and reallege their defenses and responses to the previous numbered paragraphs as if each was set forth herein in their entirety.

65.

Denied.

66.

Denied.

## Count VI – Punitive Damages

67.

Defendants reincorporate and reallege their defenses and responses to the previous numbered paragraphs as if each was set forth herein in their entirety.

68.

Denied.

69.

Denied.

70.

Denied.

## Count VII – Joinder of Defendant Great West Casualty Company

71.

Defendants reincorporate and reallege their defenses and responses to the previous numbered paragraphs as if each was set forth herein in their entirety.

72.

Defendants state that these allegations are not directed towards these Defendants and that no response is required. To the extent a response is required, Defendants deny Paragraph 72.

73.

Defendants state that these allegations are not directed towards these Defendants and that no response is required. To the extent a response is required, Defendants deny Paragraph 73.

74.

Defendants state that these allegations are not directed towards these Defendants and that no response is required. To the extent a response is required, Defendants deny Paragraph 74.

75.

Defendants state that these allegations are not directed towards these Defendants and that no response is required. To the extent a response is required, Defendants deny Paragraph 75.

76.

Defendants state that these allegations are not directed towards these Defendants and that no response is required. To the extent a response is required, Defendants deny Paragraph 76.

77.

Denied.

78.

Denied.

79.

Denied.

80.

Defendants state that these allegations are not directed towards these Defendants and that no response is required. To the extent a response is required, Defendants deny Paragraph 80.

**NINTH DEFENSE**

All allegations in the Complaint not specifically admitted or denied hereinabove are now generally denied. In response to the allegations contained in the unnumbered "WHEREFORE" paragraph of Plaintiffs' Complaint, including each subpart, Defendants deny that Plaintiff is entitled to the relief requested.

WHEREFORE, having responded to the Complaint, Defendants pray the Court as follows:

(1) That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs have and recover nothing by way of the Complaint against these Defendants;

(2) That all issues of fact be tried by a jury of twelve (12);

(3) That all costs associated with the action be taxed against Plaintiffs to include a reasonable fee for these Defendants' attorneys; and

(4) For such and further relief as the Court deems just and proper.

Submitted this 26th day of October, 2022.

MCMICKLE, KUREY & BRANCH, LLP

/s/Paschal Glavinos_____
KEVIN P. BRANCH
Georgia Bar No. 111839
PASCHAL GLAVINOS
Georgia Bar No. 817127
*Attorneys for Defendants David Stoddard d/b/a Stoddard Trucking, David L. Stoddard and Estate of David L. Stoddard*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone: (678) 824-7800
Fax: (678) 824-7801
Email: kpb@mkblawfirm.com
       pglavinos@mkblawfirm.com

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **DEFENDANTS' SPECIAL APPEARANCE ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

| | |
|---|---|
| Stephen G. Lowry, Esq. | Jonathan P. Hayes, Esq. |
| Joshua H. Dorminy, Esq. | GOLDSTEIN, HAYES & LINA, LLC |
| HARRIS LOWRY MANTON, LLP | 3060 Peachtree Road, NW, Suite 1000 |
| 410 E. Broughton Street | Atlanta, GA 30305 |
| Savannah, GA 31401 | jph@goldsteinhayes.com |
| steve@hlmlawfirm.com | jml@goldsteinhayes.com |
| jdorminy@hlmlawfirm.com | |

*Attorneys for Plaintiff*

This 26th day of October, 2022.

/s/ *Paschal Glavinos*
_____
PASCHAL GLAVINOS
For the Firm