IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

WILLIAM HAWKINS, *et al.*,          *

     Plaintiffs,                 *

vs.                                 *

                                 CASE NO. 4:22-CV-163 (CDL)

DAVID STODDARD, d/b/a STODDARD      *
TRUCKING, *et al.*,
                                    *
     Defendants.                 *
_____     *

O R D E R

    This wrongful death action arises out of a September 25, 2020 motor vehicle collision in Crisp County, Georgia.  Kurtavious Butts was the passenger in a vehicle that struck a concrete barrier on the shoulder of Interstate 75.  Butts exited the vehicle and was struck by an unidentified motor vehicle.  Shortly after that, David Stoddard struck Butts with his tractor trailer.  Butts died at the scene.  Plaintiffs brought this action in the State Court of Muscogee County, Georgia, against David Stoddard d/b/a Stoddard Trucking, David Stoddard, and Great West Casualty Company. Plaintiffs also alleged that David Stoddard "may have passed" in 2022, and they asserted claims against his estate.  Compl. ¶ 4, ECF No. 1-1.  Defendants removed the action to this Court. Presently pending before the Court are Plaintiffs' motion to remand, the Stoddard Defendants' motion to dismiss, Great West's motion to transfer, and Great West's motion to dismiss.  As

discussed below, the Court denies the motion to remand (ECF No. 10), grants the Stoddard Defendants' motion to dismiss (ECF No. 16), denies Great West's motion to dismiss (ECF No. 19), and grants the motion to transfer (ECF No. 14).

DISCUSSION

## I.   Plaintiffs' Motion to Remand (ECF No. 10)

Plaintiffs filed this action in the State Court of Muscogee County, Georgia on September 22, 2022.  Defendants David Stoddard d/b/a Stoddard Trucking, David L. Stoddard, and the Estate of David L. Stoddard timely filed a notice of removal, representing that "[a]ll Defendants consent" to the removal.  Notice of Removal ¶ 13, ECF No. 1.  Plaintiffs object to the notice of removal, contending that the "Estate of David L. Stoddard" could not have consented to the removal because the estate was not established until after the notice of removal was filed.[1]  Removal requires unanimous consent of "all defendants who have been properly joined and served."  28 U.S.C. § 1446(b)(2)(A).  But "consent for removal is not required from defendants who were not properly served in state court." *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 990 (11th Cir. 2022).

---

[1] As discussed in more detail in § II below, an estate is not an entity capable of being sued in Georgia; when a person dies and the claim against him is not extinguished, the proper defendant is the administrator of the decedent's estate.

For a complaint asserting claims based on the allegedly tortious conduct of a person who has died, service must be made on the administrator or executor of the decedent's estate. O.C.G.A. § 40-12-8. A temporary administrator for Stoddard's estate was not appointed until after Defendants filed the notice of removal, so there could not have been valid service on the administrator for Stoddard's estate before the removal. Thus, consent of the administrator was not required to satisfy § 1446's unanimity requirement. The Court denies Plaintiffs' motion to remand based on the estate's failure to consent (ECF No. 10).

## II.  The Stoddard Defendants' Motion to Dismiss (ECF No. 16)

The Stoddard Defendants move to dismiss Plaintiffs' claims against the Estate of David L. Stoddard, David Stoddard d/b/a Stoddard Trucking, and David L. Stoddard. Plaintiffs do not dispute that the claims against David L. Stoddard should be dismissed because Stoddard died. Plaintiffs oppose the motion to dismiss the other two Stoddard Defendants.

### A.  Claims Against the Estate of David L. Stoddard

The collision giving rise to this action occurred on September 25, 2020. David L. Stoddard, the driver of the truck that struck Butts, died on March 30, 2022. When Plaintiffs filed this action on September 22, 2022, no administrator had been appointed for Stoddard's estate, so Plaintiffs named Stoddard's estate as a Defendant. But, as Plaintiffs acknowledge, the estate's

administrator—not the estate itself—is the proper defendant for an action based on the tortious conduct of a person who has died. *See* O.C.G.A. § 53-7-2 ("The personal representative shall be entitled to possess and administer the entire estate."). Accordingly, Plaintiffs' claims against "the Estate of David L. Stoddard" are dismissed.  Nothing in this ruling shall prohibit Plaintiffs from joining claims against the administrator of Stoddard's estate at a time permitted under Georgia law.[2]

   B.   Claims Against David Stoddard d/b/a Stoddard Trucking

   The Stoddard Defendants also move to dismiss the claims against "David Stoddard d/b/a Stoddard Trucking." Plaintiffs allege that David Stoddard d/b/a Stoddard Trucking was an interstate motor carrier, and they contend that Stoddard Trucking should be treated as an entity separate from David Stoddard. Plaintiffs do not allege that Stoddard Trucking was a corporation, limited liability company, partnership, or some other legal entity with the capacity to be sued.  Plaintiffs also do not allege that Stoddard operated his trucking business under a separate legal entity, and they did not point to any authority that being

---

[2] The Stoddard Defendants initially appeared to argue that any claim against the administrator of Stoddard's estate is time-barred.  In their reply brief, though, they acknowledged that the statute of limitations is tolled pending appointment of a permanent administrator. *See* O.C.G.A. § 9-3-93 ("The time between the death of a person and the commencement of representation upon his estate . . . shall not be counted against creditors of his estate, provided that such time does not exceed five years. At the expiration of the five years the limitation shall commence.").

registered as an interstate motor carrier gives rise to a separate legal entity. Thus, based on Plaintiffs' allegations, Stoddard Trucking was the trade name David Stoddard—an individual—used for his trucking business.[3]

"A trade name is merely a name assumed or used by a person recognized as a legal entity." *Stewart Ausband Enters., Inc. v. Holden*, 826 S.E.2d 138, 140 n.1 (Ga. Ct. App. 2019) (quoting *Auto-Owners Ins. Co. v. Tracy*, 806 S.E.2d 653, 656 (Ga. Ct. App. 2017)). "A judgment against one in an assumed or trade name is a judgment against him as an individual." *Id.* "An undertaking by an individual in a fictitious or trade name is the obligation of the individual." *Id.* "The use of a trade name does not create a separate legal entity." *Id.* (quoting *Galindo v. Lanier Worldwide*, 526 S.E.2d 141, 146 (Ga. Ct. App. 1999)). So, the claims against "David Stoddard d/b/a Stoddard Trucking" are considered claims against Stoddard himself. To the extent that Plaintiffs seek to bring claims against Stoddard Trucking as an entity separate from David Stoddard, those claims are dismissed. As discussed above, given Stoddard's death, the proper defendant for claims based on Stoddard's conduct is the administrator of his estate.

---

[3] The Stoddard Defendants acknowledge that "the potentially applicable policy of insurance" contains a named insured of "David Stoddard d/b/a Stoddard Trucking" and states that Stoddard acted as a "trucker – individual." Defs.' Reply Br. re Mot. Dismiss 4, ECF No. 20.

### III. Great West's Motion to Dismiss (ECF No. 19)

Great West Casualty Company joined the motion to dismiss filed by the Stoddard Defendants, summarily arguing that if that the Court grants that motion to dismiss, Great West is entitled to dismissal, as well.  In its one-paragraph motion, Great West did not present any argument or authority explaining why Plaintiffs may not pursue a claim against it under Georgia's direct-action statutes.  The motion (ECF No. 19) is denied.

### IV. Great West's Motion to Transfer Venue (ECF No. 14)

Great West moved to transfer this action to the Albany Division because there is no allegation that any party resides in the Columbus Division and because the events giving rise to this action took place in Crisp County.  *E.g.,* Compl. ¶¶ 1-3, 5-6. Under the Court's local rules, a plaintiff "may file a civil case in the division in which the plaintiff resides, the defendant resides or the claim arose."  M.D. Ga. R. 3.4.  Here, no party resides in the Columbus division, and the events giving rise to this action rook place in Crisp County, which is in the Albany Division of the Middle District of Georgia.  "The clerk of the court is directed to transfer to the appropriate division any civil case that is filed in a division in which neither the plaintiff or defendant resides nor the claim arose."  *Id.*  Plaintiffs do not oppose the divisional transfer.  Accordingly, the Court directs the clerk to transfer this action to the Albany Division.

CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand (ECF No. 10) is denied.  The Stoddard Defendants' motion to dismiss (ECF No. 16) is granted; the claims against David L. Stoddard, the Estate of David L. Stoddard, and David Stoddard d/b/a Stoddard Trucking are dismissed.  Nothing in this Order shall prohibit Plaintiffs from joining claims against the administrator of Stoddard's estate at a time permitted under Georgia law.  Great West's motion to dismiss (ECF No. 19) is denied, but its motion to transfer (ECF No. 14) is granted.  The clerk is directed to transfer this action to the Albany Division.

IT IS SO ORDERED, this 10th day of May, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA